UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JODY K. MOSLEY,

    Plaintiff,

v.                                                                     Case No.  1:17-CV-73

UNKNOWN MONSKI,                                       HON. GORDON J. QUIST

    Defendant.
    _____/

## OPINION

    Plaintiff, Jody K. Mosley, proceeding pro se, has filed a one-page complaint against Unknown Monski, a Michigan Department of Health and Human Services worker, which alleges:

> Miss Monski took paper from me, and never gave them back, violating my custody case, making me lose children, I was railled [sic] roaded, after, I don't understand the violation from the DHS unless, has handled from a judge, or supervisor.

(ECF No. 1.)  The only relief Mosley requests is "criminal charges."[1]  (*Id.*)

    On January 26, 2017, the magistrate judge issued an order granting Mosley leave to proceed *in forma pauperis*.  (ECF No. 4.)  Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to *in forma pauperis* proceedings").  The Court must read Podewell's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct.

---

[1]This is one of nine cases that Mosley filed in this Court in January of 2017.  The Court previously dismissed Case Nos. 1:17-CV-7, 9, 10, 11, and 13 on February 17, 2017.

594, 596 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992).

For the reasons set forth below, Mosley fails to state a claim and his complaint must be dismissed as required by § 1915(e)(2).

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Mosley fails to allege sufficient facts giving rise to a claim under federal law. He refers to violation of his rights, but fails to state what rights were violated or cite the law under which such rights arise. "Although pro se pleadings are to be liberally construed, courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel*

2

*Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, Mosley may not use this civil proceeding to bring criminal charges and, in fact, "[i]n his capacity as a private citizen, [Mosley] lacks standing and legal authority to initiate or compel the initiation of federal criminal proceedings against defendant [Monski]." *Theriot v. Woods*, No. 2:09-cv-199, 2010 WL 623684, at *13 (W.D. Mich. Fe b. 18, 2010).

    An Order consistent with this Opinion will be entered.


Dated: March 6, 2017                                    /s/ Gordon J. Quist
                                                                      GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE